ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA            :

                                    :

              -v-                    :

DENNIS J. NELSON,                   :       06 · CR · 6241 TMC Copy
                                            05-CR-6169
                   Defendant.       :

_____ :


## PLEA AGREEMENT

The defendant, DENNIS J. NELSON, and the United States
Attorney for the Western District of New York (hereinafter "the
government") hereby enter into a plea agreement with the terms and
conditions as set out below.


## I.   THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Counts 1 and 3
of Indictment 05-CR-6169 (the "Indictment") which charge
violations of Title 18, United States Code, Section 875(b)
(interstate communications -- threat to injure with intent to
extort) which each carry a maximum possible sentence of a term of
imprisonment of 20 years, a fine of $250,000, or both, a special
assessment of $100, and a term of supervised release of up to 3
years.  The defendant further agrees to plead guilty to Count 5
of the Indictment and to both counts of a two count Information,
all of which charge him with separate violations of Title 18,

United States Code, Section 875(c) (interstate communications - - threat to injure) which carry a maximum possible sentence of a term of imprisonment of 5 years, a fine of $250,000, or both, a special assessment of $100, and a term of supervised release of up to 3 years.

**The defendant understands that the penalties set forth in Paragraph 1 are the maximum penalties that can be imposed by the Court at sentencing.**

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.   SENTENCING GUIDELINES

3.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

4.    The defendant understands the nature of the offenses set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

**18 U.S.C. §875(b)**

    (1)   That the defendant used interstate commerce to transmit a communication;

    (2)   That the communication contained a threat to injure the person of another;

    (3)   With the intent to extort money from an individual.

**18 U.S.C. §875(c)**

    (1)   That the defendant used interstate commerce to transmit a communication;

    (2)   That the communication contained a threat to injure the person of another.

## FACTUAL BASIS

5.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a)    That on or about and between November 16, 2001 and November 21, 2001, in the Western District of New York, the defendant, DENNIS J. NELSON, with intent to extort the sum of $300,000 from United States

Magistrate Judge Jonathan W. Feldman, did
send a letter through the United States mails,
which letter stated a threat to murder United
States Magistrate Judge Jonathan W. Feldman
and his family as follows:

**This is a bomb threat. If you try any thing
you will be killed for good. This is not a
joke. I want 300,000.00 dollars sent to me
well I'm here at Great Meadow Corr. Fac.**

**If you dare do something your wife I will kill
first then it will be the rest of your family.**

b)   That on or about and between December 15,
2001 and December 17, 2001, in the Western
District of New York, the defendant,
DENNIS J. NELSON, with intent to extort
the sum of $360,360,000 from United States
Magistrate Judge Jonathan W. Feldman, did
send a letter through the United States mails,
which letter stated a threat to murder United
States Magistrate Judge Jonathan W. Feldman
and his family as follows:

**This is Dennis Nelson 94B0694.  This is
your (2) bomb threat.  I told you not to
do anything suped like that.  Now you
have 10 day's till you die and (die)?  I
want you to send me $360,360,000.00
million dollar's.  This is not a joke.
This is real.  8/26/02 is when I get out
I will burn your house down and then I
will find your were your mother & father
live and kill them.**

c)   That on or about and between October 20,
2003 and November 4, 2003, in the
Western District of New York, the
defendant, DENNIS J. NELSON, did send
a letter through the United States
mails, which letter stated a threat to
murder United States United District
Court Judge Judge Charles J. Siragusa
and his wife as follows:

-4-

This is a threat I'm going to blow your head off the your shoulders of your body. I will kill you when I come home in December 1st max date 2003 & I'm going to kill all federal judges in Erie, Washington D.C.

P.S. Your wife will die!
    I'm going to kill you.

d)   On or about July 5, 2006, in the Western District of New York, the defendant, DENNIS J. NELSON, did send a letter through the United States mails, which letter stated a threat to murder United States District Court Judge Charles J. Siragusa and his wife as follows:

Die this I will kill you when I come to your house you will die. Bomb will kill you wife will be killed.

From Dennis Nelson

e)   On or about July 5, 2006, in the Western District of New York, the defendant, DENNIS J. NELSON, did send a letter through the United States mails, which letter stated a threat to murder United States Magistrate Judge Jonathan W. Feldman as follows:

Jonathan will die. I'm going to kill you.

## BASE OFFENSE LEVEL

6.   The government and the defendant agree that Guidelines §2B3.2(a) applies to the offense of conviction and provides for a base offense level under each count of conviction of 18.

-5-

## SPECIFIC OFFENSE CHARACTERISTICS
### USSG CHAPTER 2 ADJUSTMENTS

7. (a) The government and the defendant agree that the following specific offense characteristics apply to Count 1:

      (i)   a two level increase pursuant to Guidelines §2B3.2(b)(1) (express threat of death and bodily injury); and

      (ii) a three level increase pursuant to Guidelines §2B3.2(b)(2) and §2B3.1(b)(7)(D) the demand being in excess of $10,000 (that is $300,000).

(b) The government and the defendant further agree that the following specific offense characteristics apply to Count 3:

      (i)   the two level increase pursuant to Guidelines §2B3.2(b)(1) (express threat of death and bodily injury); and

      (ii) the seven level increase pursuant to Guidelines §2B3.2(b)(2) and §2B3.1(b)(7)(H), the demand being in excess of $10,000 (that is $360,360,000).

(c) The government and the defendant agree that the following specific offense characteristics apply to Count 5 of the Indictment, as well as Counts 1 and 2 of the Information:

      (i)   the two level increase pursuant to Guidelines §2B3.2(b)(1)(express threat of death and bodily injury).

## ADJUSTED OFFENSE LEVEL

8.   Based on the foregoing, it is the understanding of the government and the defendant that the **adjusted offense level** for the Counts of conviction are as follows: 23 for Count 1; 27 for

Count 3; and 20 for Count 5 of the Indictment, as well as Counts 1 and 2 of the Information.

9.    Based on Paragraphs 1 and 5 of this agreement and Guidelines §3D1.1(a)(3), §3D1.2(d) and §3D1.4(a)(treating each count of conviction as a separate offense), it is the understanding of the government and the defendant that the defendant's **combined adjusted offense level** is 31.


## ACCEPTANCE OF RESPONSIBILITY

10.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the three (3) level downward adjustment of Guidelines §§ 3E1.1(a) and (b) (acceptance of responsibility), which would result in a total offense level of 28.


## CRIMINAL HISTORY CATEGORY

11.   It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

-7-

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.   It is the understanding of the government and the
defendant that, with a total offense level of 28 and criminal
history category of IV, and taking into account the applicable
statutory minimum penalties, the defendant's sentencing range
would be a term of imprisonment of 110 to 137 months, a fine of
$15,000 to $150,000 and a period of supervised release of 2 to 3
years.  Notwithstanding this, the defendant understands that at
sentencing the defendant is subject to the maximum penalties set
forth in Paragraph 1 of this agreement.

13.   It is further understood and agreed that Section
5G1.3(a) of the Sentencing Guidelines states that because the
instant offenses were committed while the defendant was serving a
term of imprisonment in the New York State Department of
Corrections, the sentence for the instant offense shall be
imposed to run consecutively to that undischarged term of
imprisonment.

14.   The government and the defendant reserve the right
to recommend a sentence outside the Sentencing Guidelines range
set forth above.  This paragraph reserves the right to the
government and the defendant to bring to the attention of the
Court all information deemed relevant to a determination of the
proper sentence in this action.

15.   The defendant understands that except as set forth

in Paragraph 12, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### III.   STATUTE OF LIMITATIONS

16.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to interstate communications -- threat to injure -- which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV.   GOVERNMENT RIGHTS AND RESERVATIONS

17.   At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

18. The defendant understands that the government has reserved the right to:

      a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

      b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

      c.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

19. At sentencing, the government will move to dismiss the open counts of Indictment 05-CR-6169 pending against the defendant.

## V.  <u>APPEAL RIGHTS</u>

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of

a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, Paragraph 12 above, notwithstanding the manner in which the Court determines the sentence.

21.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, Paragraph 12 above, notwithstanding the manner in which the Court determines the sentence.   However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI.   TOTAL AGREEMENT AND AFFIRMATIONS

23.   This plea agreement represents the total agreement between the defendant, DENNIS J. NELSON, and the government. There are no promises made by anyone other than those contained

in this agreement.   This agreement supersedes any other prior

agreements, written or oral, entered into between the government

and the defendant.

                                        TERRANCE P. FLYNN
                                        United States Attorney
                                        Western District of New York

                              BY:   *Bradley E. Tyler*
                                    _____
                                        BRADLEY E. TYLER
                                        Assistant U. S. Attorney

Dated: Rochester, New York
       December 19, 2006.


     I have read this agreement, which consists of 12 pages.   I

have had a full opportunity to discuss this agreement with my

attorney, Robert G. Smith, Esq.   I agree that it represents the

total agreement reached between myself and the government.   No

promises or representations have been made to me other than what

is contained in this agreement.   I understand all of the

consequences of my plea of guilty.   I fully agree with the

contents of this agreement.   I am signing this agreement

voluntarily and of my own free will.

_____          _____
DENNIS J. NELSON                   ROBERT SMITH, ESQ.
Defendant                          Attorney for Defendant

Dated: December 19, 2006           Dated: December 15, 2006