UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA

          v.

DENNIS J. NELSON,

          Defendant.

05-CR-6169(TJM)
06-CR-6241(TJM)

THE DEFENDANT'S
REQUEST FOR A
NON-GUIDELINE SENTENCE

      Robert G. Smith, Assistant Federal Defender for the Western District of New York, affirms as follows:

      1.      I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant, Dennis J. Nelson.

      2.      The representations made in this Sentencing Memorandum are based on the Presentence Investigation Report [hereinafter "PSR"] and conversations with Dennis Nelson and others. Additionally, this Request for a Non-Guideline Sentence is based on the following exhibits:

      Exhibit A:    Information on Klinefelter Syndrome prepared by the American Association for Klinefelter Syndrome;

      Exhibit B:    Articles from WebMD and Wikipedia; and

      Exhibit C:    Medical Records of Dennis Nelson.

AO 72A
(Rev. 8/82)

## Introduction

3. Dennis Nelson pled guilty to knowingly transmitting threatening letters with the intent to extort money (three counts) and knowingly using interstate communication to send threatening communications (two counts). The guilty plea was entered pursuant to a plea agreement where the parties agreed the sentencing range was 110 to 137 months of imprisonment. In the plea agreement Mr. Nelson reserved the right to ask for a non-guideline sentence. Mr. Nelson requests that the Court sentence him to a non-guideline sentence of 36 months of imprisonment followed by supervised release.

## Authority for a Non-Guideline Sentence

4. The United States Supreme Court reaffirmed the importance of reserving sentencing discretion to federal district court judges, holding that:

> the federal sentencing statute . . . requires a sentencing court to consider Guidelines ranges...., but it permits the court to tailor the sentence in light of other statutory concerns as well.

*United States v. Booker*, 543 U.S. 220, 245-246 (2005).

5. In addition, 18 U.S.C. § 3553(a) directs the sentencing court to consider factors (1) through (7) and to impose a sentence sufficient, but not greater than necessary to meet the purposes of sentencing. "Sufficient, but not greater than

necessary" is referred to as the "parsimony clause." *See United States v. Williams*, 475 F.3d 468, 476 (2d Cir. 2007). The parsimony clause requires a sentencing court to impose the lower of two sentences when the court concludes that either of two potential sentences would properly serve the statutory purposes of § 3553. *See United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

      6.      When considering the appropriate sentence for Dennis Nelson, the Court should heed the recent testimony by Justice Anthony Kennedy before the Senate Judiciary Committee. Justice Kennedy told Congress of the difficulties with the federal sentencing scheme, including the imposition of mandatory terms of incarceration, saying, "our sentences are too long, our sentences are too severe, our sentences [are] too harsh." *See* Sen. Patrick J. Leahy Holds Hearing on Judicial Security and Independence - Part 3, FDCH CAP. Trans., 2007 WLNR 3135073 (Feb. 14, 2007).

**Dennis Nelson Should Receive a Non-Guideline Sentence**

<u>Dennis Nelson's Unique Medical Issues</u>

      7.      Mr. Nelson has a number of debilitating medical conditions that have affected his physical and mental well-being. He suffers from Klinefelter's Syndrome, seizure disorder and depression. Klinefelter's Syndrome is a genetic disorder that is characterized by an additional "X" chromosome in males. In the simplest terms,

3

AO 72A
(Rev. 8/82)

normal females have two "X" chromosomes, while normal males have an "X" and a "Y" chromosome. Females, therefore, are "XX" and males are "XY." Males suffering from Klinefelter's have an extra "X" chromosome and are classified as "XXY."

    8.    Mr. Nelson is "XXXY", and this condition affects three main areas of development: physical, educational and social. *See* Ex. C. Physically, boys with Klinefelter's have weak muscles, reduced strength, smaller testicles and penis, and are almost always sterile. Enlarged breasts and decreased growth of facial and pubic hair are also prevalent in males suffering from this disease. Educationally, boys with Klinefelter's Syndrome usually have delayed or slowly developing speech skills and poor verbal skills. They also have reduced abilities in the areas of critical thinking, problem solving, and ability to plan. Many also are dyslexic. Socially, and perhaps as a direct result of the physical and educational issues, boys with Klinefelter's tend to struggle to interact with their peers. They have poor impulse control and can have emotional problems ranging from shyness and introversion to aggression. They are at risk for developing psychiatric orders such as anxiety and depression. *See* Exhibits A and B. In Mr. Nelson's case, he developed a personality disorder. His specific diagnosis is delusional disorder, mixed type with grandiose and somatic delusions, dysthymic disorder and intermittent explosive disorder.

    9.    Klinefelter's Syndrome is incurable, but its symptoms can be treated with testosterone injections starting at puberty and continuing throughout the

individual's life.  *See* Exhibit C, Dennis Nelson's medical records.  At the time he wrote the letters, Mr. Nelson was not receiving his injections.

Dennis Nelson's Upbringing

      10.    Dennis Nelson was raised in a chaotic household where his father, mother and stepfather were alcoholics.  They were physically and emotionally abusive to him and his siblings.  Mr. Nelson can recall one occasion where his mother drove her car into a river while he and his siblings were still inside it.  Not only was Mr. Nelson's stepfather an alcoholic, but he was also a sexual offender.  Mr. Nelson reports that he was sexually abused by him.  Mr. Nelson could not even seek solace in the company of his grandfather.  He remembers instances when he would receive a beating from his grandfather for such minor transgressions as putting his elbows on the table.

Conclusion Regarding Dennis Nelson

      11.    Dennis Nelson was born with a genetic disorder that affected his physical, educational and social development.  Compounding his problems associated with the Klinefelter's Syndrome were the adult figures in his life.  They were mentally, physically and sexually abusive.  While testosterone injections had helped treat his symptoms in the past, it appears that he was not receiving the injections

when he sent the letters to the judges.  When sentencing Mr. Nelson, the Court should consider his criminal behavior in the light of his medical conditions and upbringing.

Nature and Circumstances of the Offense

12.    The threatening letters that were sent to the judges contained demands for money including specific dollar amounts.  Count 3 in the Indictment contains a demand for 360,360,000.00 million dollars.   This number could be written as 360,360,000,000,000.00.  Such a number is so large it defies rational understanding.  For example, if Mr. Nelson received his requested sum of money at the rate of one dollar per second he would be paid off in 114,269 centuries.  Nevertheless, the plea agreement reflects a guideline range that is determined, in part, by the dollar amounts demanded.  The Court should understand that Mr. Nelson's demands for money were both irrational and not central to his letters to the judges.  Mr. Nelson wanted attention and medical treatment more than he expected money.  His demands centered around the fact that he wanted to go to federal prison because he thought he would receive better medical care and his much needed testosterone.  Unfortunately, Mr. Nelson saw writing threatening letters to federal judges as his only way of accomplishing a term of federal incarceration.  Mr. Nelson's irrational actions were exacerbated by his untreated Klinefelter's Syndrome and mental health

problems.  Accordingly, the Court should sentence Mr. Nelson for using threats to try to get what he wanted and not for using threats to try to get a laughable amount of money.

## Conclusion

13.    The Court should sentence Dennis Nelson to a non-guideline sentence of 36 months of imprisonment because the history and characteristics of Dennis Nelson show that he has a personality disorder and that his medical condition of Klinefelter's Disease was not being adequately treated at the time of his offense.  In addition, Mr. Nelson's guideline range is excessively high based on his monetary demands not his conduct.

Dated:  May 22, 2007

    /s/Robert G. Smith
Robert G. Smith
Assistant Federal Defender
28 E. Main Street, Suite 400
Rochester, New York 14614
(585)263-6201
Robert_Smith@fd.org
Attorney for Dennis Nelson

To:    Bradley E. Tyler, AUSA
       Kevin Lyons, USPO

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       v.                                                      05-CR-6169(TJM)
                                                             06-CR-6241(TJM)

DENNIS J. NELSON,

                **Defendant.**

## CERTIFICATE OF SERVICE

       I hereby certify that on May 22, 2007, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    1.      Bradley E. Tyler, AUSA – bradley.e.tyler@usdoj.gov

       And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

    1.      Kevin D. Lyons, USPO, 1110 Federal Bldg., Rochester, NY 14614

                                                                /s/Robert G. Smith
                                                          Federal Defender's Office
                                                          28 E. Main Street, Suite 400
                                                        Rochester, New York 14614
                                                          585-263-6201

AO 72A
(Rev. 8/82)